Argued December 17, 1973, affirmed January 21, 1974

GATCHELL, *Respondent, v.* RICE (No. 32718), *Appellant.*

517 P2d 1198

*Fred Allen,* Coos Bay, argued the cause and filed the brief for appellant.

*Roger Gould,* Coos Bay, argued the cause for respondent. With him on the brief were Bedingfield and Joelson, Coos Bay.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

SCHWAB, C. J.

There are two issues in this child custody case: (1) was the trial court required to decide on the merits a motion to modify a custody order entered by the court of another state; and (2) if the trial court was not required to do so, did it abuse its discretion in refusing to do so. We find that the trial court acted correctly in determining that it had the jurisdiction to hear the matter on the merits, but that under the circumstances of this case the motion for change of custody should be heard by the court of the state which had previously entered a custody order.

The parties were divorced in Omaha, Nebraska, in April 1969. Custody of the three minor children was awarded to the defendant, hereafter referred to as the mother. In December 1969, the mother received permission of the Nebraska court to remove the children to Oregon, the reason being that she had married a man employed in Oregon. In its order the Nebraska court stated that it was "retaining joint custody" over the children with the mother. In 1970, the children returned to Nebraska for visitation with the plaintiff, hereafter referred to as the father. The mother refused to allow the children to visit the father in the summer of 1972, although the Nebraska custody order required that she do so. At the Oregon hearing she testified that she had so refused because she believed the father was

unfit. In August of 1972 the father petitioned the Nebraska court for modification of the 1969 decree, asking that custody of the children be transferred to him. The mother, although served with process in Oregon, did not appear, and in November of 1972 the Nebraska court awarded custody of the children to the father. He then instituted proceedings in Oregon to enforce the Nebraska order. The mother filed a counter-suit, alleging that the father was an unfit parent, and asking that the Oregon court enter an order returning custody to her. The trial court, after hearing evidence from both parties, stated orally that since the basic issue was the fitness of the father, who lived in Nebraska, it was of the opinion that further proceedings regarding custody should take place in Nebraska where the witnesses on the issue of the father's fitness as a parent could easily be brought to court. The trial court then entered an order dismissing the mother's counter-suit and ordering her to turn the physical custody of the children over to the father in accordance with the 1972 order of the Nebraska court.

On appeal the mother argued that *Hawkins v. Hawkins,* 264 Or 221, 504 P2d 709 (1972),[1] dictates that since the children here were domiciled in Oregon, the trial court was required to determine the mother's motion to modify the Nebraska custody order. We do not so read *Hawkins.*

> "It is commonly said that although a court may have jurisdiction in a child custody case involving a previous custody order by a court of another state, it should be reluctant to 'exercise jurisdiction' in such a case unless and until it is satisfied that to do so would be 'in the best interests of the child,'

---

[1] The 1973 legislature adopted the Uniform Child Custody Jurisdiction Act, Oregon Laws 1973, ch 375.

based upon consideration of various facts and circumstances. Such a statement, however, is subject to possible misunderstanding.

"What the trial court actually undertakes to do first in such a case is to decide, as a preliminary matter, whether it should proceed to hear the merits of the case (i.e., whether or not to modify the previous order of custody) or whether it should decline to hear the merits of the case and thereby give recognition to the previous custody order, either as a matter of full faith and credit or as a matter of comity. Where, for the purpose of making that preliminary decision, the trial court considers the facts and circumstances of the case it is 'exercising jurisdiction' within the usual meaning of that term. And where, at that stage of the proceeding, the trial court considers 'the best interests of the child,' it does so, not for the purpose of deciding whether the child will be better off with the mother or the father, but for the limited purpose of deciding whether it is in a better position than the original court to decide the merits of the case and thus serve the best interests of the child. In this sense, and for this purpose, we shall now proceed to consider the question whether the trial court should 'exercise its jurisdiction' in this case.

"Because we have overruled *Lorenz*[9] and because, upon abandonment of such a fixed and rigid rule, the decision by the trial court whether or not to 'exercise jurisdiction' in a child custody case involving a custody order or decree of another state should not be left to the exercise of uncontrolled judicial discretion, we hold that the following factors should be considered by the trial court in deciding whether to 'exercise its jurisdiction' in this case * * *." 264 Or at 238-39.

*Hawkins* then went on to list six factors which, among others, are relevant, but not necessarily determinative,

[9] Lorenz v. Royer et ux., 194 Or 355, 241 P2d 142, 242 P2d 200 (1952).

in deciding whether a trial court should "exercise discretion" in a case involving a custody order or decree of another state. One of those factors is "* * * the present domicile or residence of both parents * * * as well as that of the children * * *." 264 Or at 239. Another one of the six factors and the one which the trial court found determinative in the case at bar is "* * * the availability of witnesses and other evidence in the Oregon trial court, as compared with the availability in the court of another state * * *." 264 Or at 239.

Affirmed.